UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MIGUEL ANGEL ALGARIN,**

    **Movant,**                                                  Civil Case No. 8:21-cv-2378-MSS-TGW

v.                                                                   Crim. Case No. 8:17-cr-438-MSS-TGW

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**O R D E R**

On June 14, 2024, the Court entered an order denying Miguel Angel Algarin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 25) A judgment was entered against Algarin on that same date. (Civ. Doc. 26) The order and judgment were mailed to Algarin at his current place of incarceration at the Federal Correctional Institution in Atlanta, Georgia ("FCI Atlanta"). Neither was returned as undeliverable.

By letter dated August 27, 2024, Algarin notifies the Court that, although he remains incarcerated at FCI Atlanta, he received neither the order nor the judgment. (Civ. Doc. 28) He learned of the Court's denial of his § 2255 motion from his mother who inquired about the status of his case. He wishes to appeal the denial of his § 2255 motion and requests additional time to do so. In support, he files a memorandum from prison unit counselor Christopher Moore who states that "as of June 14, 2024, no legal mail was signed for by Algarin." (*Id.* at 2)

In a civil case where the United States is a party, the appellant must file a notice of appeal no later than 60 days after the challenged order or judgment is entered on the docket. Fed. R. App. P 4(a)(1)(B)(i); 28 U.S.C. § 2107(b)(1). The 60-day period to appeal from the

Court's order and judgment expired August 13, 2024, 14 days before Algarin mailed his letter to the Court seeking additional time to appeal.

The statutory time limit for filing a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4. Fed. R. App. P. 26(b)(1). Federal Rule of Appellate Procedure 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002). Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if: (1) the moving party did not receive notice of the judgment within 21 days of its entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the judgment, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c).

The Court generously construes Algarin's letter as a motion to reopen the time to file a notice of appeal under Rule 4(a)(6) and **GRANTS** the construed motion. *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (holding that when a pro se party alleges that he did not receive notice of the order from which he seeks to appeal, the court treats the notice of appeal as a Rule 4(a)(6) motion). Algarin did not receive notice of the order or judgment within 21 days of their entry on the docket, he moves to reopen the time to appeal within 180 days after receiving notice, and no party will be prejudiced by reopening the time to appeal. *See Holston v. Mora*, No. 22-12808, 2024 WL 3100779, at *2 (11th Cir. June 17, 2024)

(explaining that "the cost of having to oppose the appeal and encounter the risk of reversal is not the type of prejudice that Rule 4(a)(6) contemplates").

No later than November 7, 2024, Algarin may appeal. Fed. R. App. P. 4(a)(5)(C). The Clerk is directed to mail to Algarin a copy of the docket sheet, the order denying his § 2255 motion, and the judgment at his current place of incarceration at FCI Atlanta.[1]

If Algarin intends to appeal, he must file a notice of appeal with the district court in Tampa, Florida. Fed. R. App. P. 3(a)(1). The notice of appeal must (1) specify the part who appeals, (2) designate the order appealed, and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1).

**DONE AND ORDERED** in Tampa, Florida, this 24th day of October, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[1] Publicly-available records from the Federal Bureau of Prisons confirms as of the date of this order, October 24, 2024, that Algarin remains incarcerated at FCI Atlanta.